LIZZIE DEWITT, Appellee, v. HANS LARSON, Appellant.

**NEW TRIAL:**  Grounds—Newly Discovered Evidence—Discretion.
1  Ordinarily, the granting of a new trial for newly discovered evi-
dence is largely a matter of discretion with the trial court.

**NEW TRIAL:**  Grounds—Newly Discovered Evidence—Insufficient
2  Showing.  The trial court is within its discretion in refusing a
new trial for newly discovered evidence when the movent fails
to negative negligence in sooner securing such evidence.

*Appeal from Clay District Court.*—D. F. COYLE, Judge.

APRIL 14, 1919.

Action at law to recover damages on account of an al-
leged assault.   There was a trial to a jury, and a verdict for
plaintiff.   Thereafter, defendant moved for a new trial on
the ground of newly discovered evidence.   Motion denied,
and from this order, defendant appeals.—*Affirmed.*

*Cornwall & Cornwall* and *Heald & Cook,* for appellant.

*Buck & Kirkpatrick,* for appellee.

WEAVER, J.—The sole question argued by appellant is raised by his assignment of error upon the trial court's denial of the motion for a new trial. Counsel concede that the granting of a new trial on such grounds

1. NEW TRIAL: grounds: newly discovered evidence: discretion.

is ordinarily very largely a matter of discretion with the trial court, but contend that their showing in this instance is so clearly meritorious that the court could not deny their application without an abuse of discretion.

To an understanding of the essential force and effect of the motion, a brief statement of the case is necessary. The defendant, a widower, is the owner of a farm, on which he employed the plaintiff's husband as a labor-

2. NEW TRIAL: grounds: newly discovered evidence: insufficient showing.

er. Plaintiff, with her husband, lived in the defendant's house, and boarded him. She alleges, and her testimony is to the effect, that, on July 5, 1916, while she was alone in the house, and her husband employed on a distant part of the farm, the defendant, who had been mowing weeds in the highway in front of the premises, entered the house, and made a violent and persistent assault upon her person, in an attempt to have sexual intercourse with her by force and against her will; that, while such assault and effort were still in progress, her husband, with another person, drove their team and wagon into the dooryard; and at the sound of their approach, defendant desisted from his attempt, and released her. She claims to have informed her husband at once of what had occurred, and on the following morning they refused to remain longer in defendant's service, and moved away from his house. The defendant, in pleading and as a witness, denied the truth of the charge.

According to plaintiff, the assault was committed soon after five o'clock in the afternoon, or somewhere between five and six. That the husband had been at work in the field during the day, and until about the hour mentioned; that

defendant had been cutting weeds in the road; and that plaintiff had been alone in her housework, are matters which are shown without dispute. The defendant swears, however, that he at no time and in no manner assaulted plaintiff, and avers that, when plaintiff's husband and his companion, one Skeels, came home that evening, he (defendant) was still at work in the road, and that they drove past him on their way into the premises. In this respect, he is disputed by both DeWitt and Skeels, who say that, when they drove into the yard, the team with which defendant had been mowing the road was standing there or in the barn, not yet unharnessed, and that, while they were engaged in putting out their team, defendant came out of the house.

Except the persons above named, no other witness was produced or examined on either side who claims to have seen the defendant or to have had any knowledge where he was, during the hour from five to six o'clock on that afternoon. In support of the motion for new trial, several affidavits were filed, stating, in substance, that two of the affiants, Nels Anderson and Freda Anderson, drove past the defendant's place, shortly after five o'clock on the afternoon in question, and, as they passed the house, they saw two men (presumably DeWitt and Skeels) driving into the yard, and at the same time, or immediately thereafter, they (affiants) also passed the defendant, mowing weeds in the road. While the motion was still pending, defendant filed other affidavits by James Spencer and his son, each to the effect that the affiants drove along the same road, about the hour of 5:45 P. M. of that day, and met DeWitt and Skeels as they were driving toward home, and within a short distance from defendant's house; and immediately afterward, they passed defendant himself, mowing along the road.

That this evidence would have been admissible if offered on the trial, as tending to support the defendant's denial of the plaintiff's story, is, of course, apparent, and, had the

trial court sustained the motion based thereon, we think the ruling would have been sustainable; but we are satisfied that the court was still within the bounds of its discretion in denying it. While defendant makes affidavit that he did not know of this evidence until too late to make use of it on the trial, there are some features of this denial which are not wholly satisfactory. For example, it seems hardly credible that these four different persons, one of whom was defendant's own son-in-law, should have passed by in his immediate presence and upon the same road where he was at work, without his seeing them, and if he did see them, or any of them, the importance of having their testimony must have been apparent to him from the outset. This action was begun within five days after the alleged assault, and the petition stating the alleged facts was promptly filed, and issue was joined thereon in time for the first term of court. Appellant nowhere states expressly, in testimony or in affidavit, that he did not see these persons who are now said to have passed him in the road at a time when it was of the highest importance to him to prove, if he could, that he was not in the house where the assault is alleged to have been made. If he did see them (and, as we have said, it seems hardly possible that he could have failed to see them, if the alleged newly discovered testimony is true), his failure to make it known to his counsel, or to find and subpoena the witnesses, all of whom appear to have been residents of the vicinity, tends very strongly to show at least lack of attention and diligence on his part.

In a certain sense, too, the proposed new evidence is, to a degree, cumulative only; though the writer of this opinion thinks that the merely cumulative character of newly discovered evidence should not always be a decisive consideration against a motion for a new trial, and especially in cases where the moving party is charged with a serious offense, and has been, without fault on his part, compelled to

go to trial, depending for his defense solely on his own un-corroborated testimony. It is enough, however, in the case now before us, to say that the showing of new and material evidence for the defense which could not with reasonable diligence have been produced on the trial is not sufficiently clear or convincing to sustain the defendant's exceptions, and the ruling appealed from is, therefore,—*Affirmed.*

Ladd, C. J., Gaynor and Stevens, JJ., concur.